IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Hernandez,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-00449-TUC-JCH (JR)<br><br>**ORDER** |

  Before the Court is Magistrate Judge Jacqueline M. Rateau's Report and Recommendation ("R&R") (Doc. 20) recommending this Court affirm the decision of the Administrative Law Judge ("ALJ"). Plaintiff timely filed an Objection to the R&R (Doc. 21), and the Commissioner of the Social Security Administration (the "Commissioner") filed a Response to Plaintiff's Objection (Doc. 22). For the following reasons, this Court will adopt the R&R and affirm the ALJ's decision.

**I. Standard of Review**

  When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is mad*e, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985);

*see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

## II. Background

The parties do not object to any specific factual finding set forth in the R&R. The Court restates the facts necessary to address the Plaintiff's objections.

Plaintiff applied for disability insurance benefits on February 24, 2015, for a period of disability beginning on June 3, 2014. AR. at 15, 27, 197. Following denial of the application at the initial and reconsideration levels, a hearing before the ALJ was held on April 26, 2018. AR. at 33, 120, 125, 129. At the hearing both Plaintiff and Vocational Expert ("VE") Erin Walsh testified. AR. at 40-67.

On August 30, 2018, the ALJ issued a written decision. AR. at 15-27. The ALJ found that Plaintiff had "severe"[1] impairments including disorders of the back, dysfunction of a major joint, obesity, and essential hypertension. AR. at 17. Despite these impairments, the ALJ found:

> [Plaintiff] has the residual functional capacity ["RFC"] to perform a range of light work as defined in 20 CFR 404.1567(b) including lifting up to 20 pounds occasionally and 10 pounds frequently with the same push/pull limitations, stand/walk or sit with normal breaks and no more than 30 minutes at one time up to 6 hours in an 8-hour workday, with the following restrictions: The claimant could occasionally climb ramps or stairs but never ladders, ropes or scaffolds. The claimant could frequently balance and occasionally stoop but never kneel, crouch or crawl. The claimant could frequently reach in any direction including overhead with the left upper extremity. The claimant should avoid working around moving mechanical machinery or unprotected heights.

AR. at 19. Based on this RFC and the VE's testimony, the ALJ concluded Plaintiff could work as a parking lot cashier or an electrical accessory assembler and therefore was not disabled. AR. at 26.

---

[1] An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

**III.   Discussion**

    **A.   Appointments Clause**

The Appointments Clause of the U.S. Constitution requires that inferior officers be appointed by the president, a court of law, or a head of a department. *See* U.S. Const. art. II, § 2, cl. 2. In other words, the Constitution creates a distinction between "Officers of the United States," who can only be appointed by "the President, a court of law, or a head of department," and mere "employees of the Federal Government." *Lucia v. SEC*, 138 S.Ct. 2044, 2051 (2018). In *Lucia*, the Supreme Court found that ALJs employed by the Securities and Exchange Commission qualify as "officers" for purposes of the Appointments Clause. *Id.* at 2051-55. The Court further concluded that Mr. Lucia was entitled to a new hearing before a properly appointed ALJ where: the ALJ who presided over Mr. Lucia's administrative proceeding "lacked the kind of appointment the Clause requires"; Mr. Lucia presented a timely challenge by contesting the validity of the ALJ's appointment before the Commission; and Mr. Lucia continued to press his claim to the Court of Appeals and then to the Supreme Court. *Id.* at 2055.

In response to *Lucia*, the Commissioner ratified the appointments of Social Security ALJs on July 16, 2018. *See* Soc. Sec. Ruling 19-1p, 2019 WL 1324866, *2 (Mar. 15, 2019) ("Ruling 19-1p"). The Commissioner also issued guidance instructing the Appeals Council to grant requests for review of decisions predating July 16, 2018, to any claimant who raised an Appointments Clause challenge either to the Appeals Council or to the ALJ.[2]

Here, the ALJ's decision issued on August 30, 2018, after the Commissioner ratified the ALJ's appointment.[3] Plaintiff argues this constitutes an Appointments Clause violation because the ALJ had not been properly appointed when the April 2018 hearing occurred, even though the ALJ's appointment had been ratified when the ALJ later ruled. (Doc. 17

---

[2] Ruling 19-1p provides *inter alia* that, "[t]he Appeals Council will grant the claimant's request for review in cases where the claimant: (1) Timely requests Appeals Council review of an ALJ's decision or dismissal issued before July 16, 2018; and (2) raises before us (either at the Appeals Council level, or previously had raised at the ALJ level) a challenge under the Appointments Clause to the authority of the ALJ who issued the decision or dismissal in the case."

[3] The ALJ was properly appointed on July 16, 2018, after the April 26, 2018 hearing, but before the ALJ's decision issued on August 30, 2018.

at 6-14.) Plaintiff did not raise his Appointments Clause challenge before the ALJ or Appeals Council but does so here for the first time. Because Ruling 19-1p is a predetermined policy to reject date-of-hearing violations,[4] Plaintiff argues that presenting his Appointments Clause challenge at the ALJ level would have been futile and that the Commissioner should be equitably estopped from arguing that Plaintiff waived his Appointments Clause challenge.

The Ninth Circuit has not ruled on this issue within the Social Security context, but it has held that plaintiffs who do not raise an Appointments Clause challenge at the agency level cannot raise it for the first time in district court. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (finding that "when claimants are represented by counsel, they must raise all issues and evidence *at their administrative hearings* in order to preserve them on appeal.") (emphasis added). However, in *Sims v. Apfel*, the Supreme Court held that Social Security claimants need not raise issues before the Appeals Council in order to preserve them for judicial review but the Court explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us." 530 U.S. 103, 106 (2000). Post-*Sims*, the Ninth Circuit clarified *Meanel* explaining "*Sims* concerned only whether a claimant must present all relevant issues to the Appeals Council to preserve them for judicial review" and that "*Meanel* therefore remains binding on this court with respect to proceedings before an ALJ." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).

Plaintiff argues that this Court should follow the Third Circuit's decision in *Cirko* which held that Social Security claimants need not raise the *Lucia* Appointments Clause issue at the ALJ-level to preserve it for federal review. *See Cirko ex rel. Cirko*, 948 F.3d at 152 ("[B]ecause both the characteristics of the Social Security Administration [ ] review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, ... exhaustion is not required in this context ..."). In *Ramsey*, a divided panel of the Sixth Circuit followed the Third Circuit's reasoning, and in *Probst*, the Fourth

---

[4] Plaintiff characterizes "date-of-hearing" violations—where the ALJ presided over an oral hearing prior to July 16, 2018 but rendered a decision on or after July 16, 2018—as without remedy under Ruling 19-1p. (Doc. 17 at 11).

- 4 -

Circuit did the same. *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 540-47 (6th Cir. 2020); *Probst v. Saul*, 980 F.3d 1015, 1019 (4th Cir. 2020). However, both the Tenth and Eighth Circuits have rejected *Cirko*. *Compare Carr v. Commissioner of Social Security*, 961 F.3d 1267 (10th Cir. 2020) (finding that while the Social Security Administration review process is non-adversarial, Appointments Clause challenges are adversarial and waiver of exhaustion is counter to circuit precedent) (cert. granted), *with Davis v. Commissioner of Social Security*, 963 F.3d 790, 795 (8th Cir. 2020) ("[W]e do not view this as a rare situation in which a federal court should consider an issue that was not presented to the agency"). Thus, the circuits are split and, as Plaintiff notes, the Supreme Court may ultimately decide this issue. *See Carr v. Commissioner of Social Security*, 961 F.3d 1267 (10th Cir. 2020), *cert. granted.*, (*citation pending*) (No. 19-1442). Unless and until the Supreme Court weighs in, however, *Meanel* remains binding. Further, Plaintiff makes no attempt to distinguish this case on a legal basis from the post-*Lucia* cases within our circuit, which require ALJ-level preservation. *See generally Kabani & Co., Inc. v. SEC*, 733 Fed. App'x 918, 919 (9th Cir. 2018). Accordingly, having failed to raise the Appointments Clause challenge before the ALJ and the Appeals Council (*See* AR at 301-313), Plaintiff cannot do so now.

Plaintiff's remaining arguments are also unavailing. First, the law is settled that an objection to a predetermined agency policy is not futile. *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952). In *Tucker*, the Court explained, "…the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence." *Id.* Moreover, Ruling 19-1p requires challenges to be timely-raised "either at the Appeals Council level, or previously … raised at the ALJ level." *See* Soc. Sec. Ruling 19-1p, 2019 WL 1324866, *3 (Mar. 15, 2019). Ruling 19-1p does not contain language that expressly forecloses Plaintiff's objection as to render any remedy futile even if an ALJ was powerless to address the constitutionality of her appointment; nor does Plaintiff explain why he failed

to raise such an objection to the Appeals Council. Second, Plaintiff offers no caselaw to support the argument that the Commissioner should be equitably estopped from asserting a waiver argument, nor does Plaintiff present evidence that the Commissioner deceived him or led him to believe he did not need to or could not raise his Appointments Clause challenge during the administrative process. Accordingly, these arguments fail and the Court finds that Plaintiff has forfeited his Appointments Clause challenge.

### B. VE Testimony

Plaintiff's second objection challenges the ALJ's step five analysis. To evaluate whether an applicant is qualified under the Act, the ALJ undertakes a five-step inquiry, namely whether (1) the applicant is presently working in a substantially gainful activity; (2) the medical impairment is severe; (3) the impairment "meets or equals" one of the list of impairments itemized in the Social Security Regulations; (4) the applicant is able to perform any past relevant work; and (5) the applicant is able to perform any other work. 20 C.F.R. § 404.1520 (2012). At step five, the ALJ considers the applicant's background and residual functional capacity to decide if the applicant can make an adjustment to some other available job. *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The ALJ may rely on the Dictionary of Occupational Titles ("DOT"), which classifies jobs by their exertional and skill requirements; alternatively, the ALJ may call a VE to provide testimony about jobs an applicant can perform despite his or her limitations. *Id.* at 1101.

When the VE's testimony presents an apparent or unresolved conflict with the DOT, the ALJ must obtain a reasonable explanation for the conflict. *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (explaining the conflict must be obvious or apparent meaning that the testimony must be at odds with the DOT's listing of job requirements that are essential, integral, or expected.). The ALJ's duty—to question a VE as to whether his or her testimony is consistent with the DOT—is affirmative. *Massachi v. Astrue*, 486 F.3d 1149 (9th Cir.2007). Specifically, Social Security Ruling 00–4p provides:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational

> information supplied by the DOT. When there is an *apparent unresolved conflict* between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled.

*See* Soc. Sec. Ruling 00-4p, 2000 WL 1898704 *2 (Dec. 4, 2000) (emphasis added). Failing to make such an inquiry is error. Such procedural error can be harmless, however, if there is no conflict, or if the vocational expert provides sufficient support for her conclusion to justify any potential conflict. *Id.* at 1154, n. 19.

Here, the ALJ failed to inquire whether any inconsistency existed between the VE's opinions and the DOT. AR. 60-67. The issue before us is whether, as to each job identified, there existed an "apparent or obvious" unresolved conflict between the VE's testimony and the DOT. In a recent unpublished decision, the Ninth Circuit held that because the DOT does not address which jobs offer a sit/stand option, VE testimony about sit/stand options do not conflict with the DOT. *Dewey v. Colvin*, 650 Fed. Appx. 512, 514 (9th Cir. 2016) (finding that where the DOT was silent on whether the jobs in question allow for a sit/stand option, there was no conflict between the DOT and VE's testimony that claimant could perform jobs even though he required a sit/stand option and use of a cane to ambulate); *see also McDaniel v. Colvin*, No. 5:16-cv-00869, 2017 WL 1399629, at *4-5 (C.D. Cal. Apr. 18, 2017) (collecting cases). This Court agrees there can be no apparent conflict between the VE's testimony and the DOT where, as here, the DOT is silent on whether the jobs in question—a parking lot cashier or an electrical accessory assembler—allow for a sit/stand option. *See* DOT 211.462-010; DOT 729.687-010.

Plaintiff further argues that the VE's testimony with respect to changing positions every thirty minutes conflicts with the DOT's provisions that a worker must hold a position for prolonged periods of two hours, not thirty minutes. (Doc. 17 at 17-18). However, in considering Plaintiff's limitations, the ALJ refined his hypothetical questioning for the VE:

> Q: [L]et's consider the first hypothetical with the following changes, I want you to assume the same residual functional capacity, but with the standing and sitting no more than 30 minutes at a time, everything else remains the same….would that leave those jobs available or would that eliminate those jobs you testified to in number 1?
>
> A: It would eliminate those positions, Your Honor. However, I can provide you with a few other representative examples. There is a type of cashiering for just parking lot cashier in which there is a chair or a stool inside the booth and the cashier would have the opportunity to sit/stand at will. … Another representative example is an electric-this is a bench work occupation, Your Honor, and in bench work occupations it is standard in the industry to have a stool provided.

AR. at 64-65. Since opportunities for sitting and standing are available while performing the proffered occupations, the VE's testimony does not present an "obvious or apparent" conflict with the DOT where, as here, the DOT is silent. Because there was no potential conflict to resolve, nothing more was required of the VE beyond providing her testimony. *See Bayliss v. Barnhart*, 427 F. 3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony" and, therefore, "no additional foundation is required"). Accordingly, Plaintiff has failed to identify reversible error in the ALJ's findings.[5] *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (explaining the Court may only disturb the Commissioner's decision to deny benefits if the decision is unsupported by substantial evidence or based on legal error.)

…

…

…

---

[5] The Court has considered all of Plaintiff's arguments challenging the ALJ's step five analysis and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

### IV.     Conclusion

Applying *de novo* review, the Court concludes that the R&R is correct in both of its conclusions. Plaintiff forfeited his Appointments Clause claim by failing to raise it before the ALJ and the Appeals Commission. The VE's testimony was sufficient to meet the substantial evidence standard. Accordingly, the Court **accepts and adopts** Judge Rateau's R&R (Doc. 20) **in full**. The Clerk of the Court is directed to terminate this action and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2021.

_____
Honorable John C. Hinderaker
United States District Judge